ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CORPORACIÓN RODUM<br><br>Apelada<br><br>v.<br><br>JORGE L. GONZÁLEZ GUZMÁN<br><br>Apelante | **TA2026AP000315** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2025CV10296<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Adames Soto.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparece ante nos el Sr. Jorge L. González Guzmán (señor González o "el apelante") y nos solicita que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 15 de enero de 2026. Mediante el referido dictamen, el foro primario le anotó la rebeldía al peticionario y declaró *Con Lugar* la *Demanda* instada por la Corporación RODUM (Corporación o "parte apelada") en la que condenó al apelante a pagar la cantidad de $25,888.78 por concepto de incumplimiento con los pagos de los bienes adquiridos.

Por los fundamentos que expondremos a continuación **CONFIRMAMOS** la *Sentencia* apelada.

### I.

El 7 de noviembre de 2025, la Corporación presentó una *Demanda Jurada* sobre cobro de dinero y enriquecimiento injusto en contra del señor González.[2]

---

[1] Ver Orden Administrativa OATA-2026-044 del 4 de mayo de 2026.
[2] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

En esta, alegó que el apelante adeudaba la suma de $16,632.42, siendo dicha cantidad líquida, vencida y exigible.

Según surge del expediente, el señor González fue emplazado personalmente el 19 de noviembre de 2025. Sin embargo, éste no contestó la demanda. A raíz de ello, el 22 de diciembre de 2025, la parte apelada presentó una *Solicitud de Anotación de Rebeldía y de Sentencia en Rebeldía*.[3]

Así las cosas, el 15 de enero de 2026, el foro primario notificó la *Sentencia* apelada.[4] Mediante esta, expuso que el señor González había sido emplazado el 19 de noviembre de 2025, por lo que, había adquirido jurisdicción sobre su persona. Asimismo, indicó que habiendo transcurrido el término para que presentara su alegación responsiva y no habiendo comparecido, le anotaba la rebeldía. Consecuentemente, declaró *Con Lugar* la *Demanda*, y lo condenó al pagó de $25,888.78 por concepto de incumplimiento con los pagos de los bienes adquiridos.

El 23 de enero de 2026, el señor González presentó una *Moción para Levantar Rebeldía y Reconsideración de Sentencia*.[5] En esencia, sostuvo que su incomparecencia no se debió a desinterés en el caso, sino a una situación de salud de su pareja. Añadió que, luego del emplazamiento, no recibió copia de ninguna otra moción, incluyendo la moción de anotación de rebeldía. Por ello, sostuvo que la moción solicitando la rebeldía debió serle notificada. Por lo tanto, entre otras

---

[3] *Solicitud de Anotación de Rebeldía y de Sentencia en Rebeldía*, entrada núm. 6 en SUMAC.
[4] *Sentencia*, entrada núm. 7 en SUMAC.
[5] *Moción para levantar Rebeldía y Reconsideración de Sentencia*, entrada núm. 9 en SUMAC.

alegaciones, solicitó se dejara sin efecto la sentencia y levantara la rebeldía.

El 11 de febrero de 2026, la Corporación presentó su *Oposición a "Moción para Levantar Rebeldía y Reconsideración de Sentencia"*.[6] En síntesis, esbozó que la situación de salud de la pareja del apelante, sin más, no justificaba dejar sin efecto la *Sentencia*. A su vez, señaló que dicha moción era improcedente y debía ser denegada, pues el apelante falló en establecer que el relevo de sentencia solicitado era procedente. Asimismo, expresó que el apelante no justificó su solicitud sobre ninguna de las causales que establece la Regla 49.2 de Procedimiento Civil. Finalmente, sostuvo que la Regla 67.2 de Procedimiento Civil no era de aplicación, ya que el apelante nunca compareció, pese a haber sido emplazado, y la Corporación no solicitó remedios distintos a los expuestos en la *Demanda*.

Evaluadas las mociones, el 25 de febrero de 2026, el foro primario notificó una *Resolución*, en la cual declaró *No Ha Lugar* a la moción instada por el señor González.[7]

Inconforme, el 26 de marzo de 2026, el señor González presentó el recurso de epígrafe en el que señaló la comisión del siguiente error:

> EL TPI ERRÓ AL NO RECONSIDERAR LA SENTENCIA Y LEVANTAR LA REBELDÍA ANTE LA FALTA DE NOTIFICACIÓN DE LA SOLICITUD DE ANOTACIÓN DE REBELDÍA Y LOS DEMÁS FUNDAMENTOS EXPRESADOS.

El 27 de marzo de 2026, emitimos una *Resolución* en la cual le concedimos a la parte apelada el término

---

[6] *Oposición a "Moción para levantar Rebeldía y Reconsideración de Sentencia"*, entrada núm. 13 en SUMAC.
[7] *Resolución*, entrada núm. 14 en SUMAC.

dispuesto en nuestro Reglamento, según enmendado, para que presentara su alegato.

Así las cosas, el 24 de abril de 2026, la Corporación presentó su *Alegato de la Parte Apelada.*

Contando con la comparecencia de las partes, procedemos a atender la controversia ante nos. Veamos.

**II.**

**-A-**

La figura jurídica de la rebeldía es definida como la posición procesal en la que se coloca a la parte que ha dejado de cumplir con un deber procesal o de ejercitar su derecho de defenderse. Regla 45 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2. El propósito aspirado por la anotación de rebeldía es disuadir a que las partes incurran en prácticas dilatorias como estrategia litigiosa. *Martínez v. Inst. Cardiopulmonar*, 213 DPR 221, 228 (2023); *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002).

La Regla 45.1 de Procedimiento Civil, *supra*, expone las situaciones en las cuales procede la anotación de rebeldía, a saber:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

La precitada Regla provee un remedio para las situaciones en las cuales el demandado no comparece a contestar la demanda o no se defiende de ninguna otra forma, por lo que, no expone alegación o defensa alguna contra las alegaciones y el remedio solicitado. Además, aplica como sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 589 (2011). Una consecuencia de la anotación de rebeldía es la facultad del tribunal para dictar una sentencia en rebeldía. Regla 45.2 de las de Procedimiento Civil, *supra*.

La anotación o denegatoria de una anotación de rebeldía depende de que se hayan satisfecho los requisitos que establece la referida Regla 45.1 de las de Procedimiento Civil, *supra*. La rebeldía es un mecanismo procesal discrecional para el foro primario, pero no se puede ejercer burda o injustamente. Así, la anotación de rebeldía o un dictamen en rebeldía contra una parte como sanción por su incumplimiento con una orden del tribunal debe desarrollarse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 590, citando a *Díaz v. Tribunal Superior,* 93 DPR 79 (1966).

Cuando se le anota la rebeldía a una parte, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado contra la parte en rebeldía y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de

derecho. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590, citando a *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809 (1978).

En lo concerniente, la Regla 45.3 de las de Procedimiento Civil, *supra*, esta dispone que el tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada y, cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de dicha Regla. *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982). La parte podría presentar evidencia de circunstancias que, a juicio del tribunal, demuestren justa causa para la dilación o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 593. Es menester resaltar, que la notificación de la anotación de rebeldía es innecesaria si la parte en rebeldía no ha comparecido al pleito previamente. *González v. Chávez*, 103 DPR 474, 476 (1975).

Ahora, por ser contrarias a la política pública relativa a que los casos se ventilen en los méritos, las sentencias dictadas en rebeldía no son totalmente favorecidas por nuestro ordenamiento. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, T. IV, pág. 1349. Por lo tanto, la interpretación de esta regla debe ser liberal, lo que implica que cualquier duda se debe resolver a favor de dejar sin efecto la sentencia emitida para que el caso se pueda adjudicar en los méritos. *Vázquez v. López*, 160 DPR 714, 726 (2003).

## -B-

Por exigencia del debido proceso de ley, en todo procedimiento adversativo es esencial la notificación adecuada de todos los incidentes procesales relevantes al proceso. *Hernández v. Secretario*, 164 DPR 390, 396 (2005). La Regla 67 de Procedimiento Civil, *supra*, reglamenta lo concerniente a la notificación y presentación de escritos. Primero, la Regla 67.1 de Procedimiento Civil regula cuándo se requiere la notificación, esta establece lo siguiente:

> Se notificará a todas las partes toda orden emitida por el tribunal y todo escrito presentado por las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito.
>
> No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos. 32 LPRA Ap. V, R. 67.1.

Por su parte, la Regla 67.2 de Procedimiento Civil regula la forma en que deben notificarse los escritos judiciales. La precitada Regla establece que siempre que una parte haya comparecido al pleito representada por un abogado, la notificación se remitirá al abogado, a menos que el tribunal ordene que se le notifique a la propia parte. Así pues, la notificación al abogado o a la parte se efectuará entregándole copia o enviándole copia por correo, fax o correo electrónico a la última dirección que se haya consignado en el expediente por la parte que se representa por derecho propio o a la dirección del abogado que surja del registro del Tribunal Supremo para recibir notificaciones. 32 LPRA Ap. V, R. 67.2. Nuestro Tribunal Supremo en *Jusino v.*

*Masjuán*, 46 DPR 501 (1934), ha dispuesto que, como norma general, toda notificación se dirige "a la parte cuando sea ella exclusivamente la que tenga a su cargo la defensa del pleito, y en los demás casos, al abogado en el pleito o procedimiento." *Íd.*, pág. 503.

De igual forma, la Regla 65.3 de Procedimiento Civil, establece lo relativo a las notificaciones hechas por el tribunal. En particular, y cónsono con lo dispuesto en la Regla 67.2 de Procedimiento Civil, la Regla 65.3 dispone que el Secretario o la Secretaria notificará, cuando aplique, a la representación legal de las partes a la dirección que surja del registro del Tribunal Supremo para recibir notificaciones. Si la parte se representa por derecho propio, se le notificará a la última dirección que haya consignado en el expediente. 32 LPRA Ap. V, R. 65.3(b).

### III.

En el caso de autos, el señor González alega que incidió el foro primario al no dejar sin efecto la *Sentencia* dictada en su contra. En esencia, sostiene que la parte apelada incumplió con la disposición que establece la Regla 67.1 de Procedimiento Civil, *supra*, al no notificarle la moción de anotación de rebeldía. Plantea que, el hecho de no haber comparecido al caso no eximía a la Corporación de no notificarle las mociones presentadas posteriores a la demanda. Asimismo, resaltó que su inacción se debió a la situación de salud de su pareja, quien requería tratamiento fuera de Puerto Rico. Finalmente, arguye que tiene una defensa meritoria, la cual incluye el pago de las cantidades reclamadas. Así pues, solicita se revoque la *Sentencia* apelada y se levante la anotación de rebeldía.

Por su parte, la Corporación sostiene que el apelante no puede argumentar que su derecho al debido proceso de ley fue violado, cuando fue notificado personalmente del proceso en su contra y advertido sobre las consecuencias de no comparecer. Asimismo, adujo que como no solicitó remedio alguno distinto al que había solicitado en la demanda, no estaba obligado a notificarle sobre la solicitud de anotación de rebeldía. Añadió, en cuanto a la alegación del apelante por la situación de salud de la pareja, la cual no acreditó con documento alguno, que ésta no podía constituir negligencia excusable para justificar el relevo de sentencia. Finalmente, señala que el señor González no proveyó documento alguno que acreditara que efectivamente había pagado la deuda, por lo que, dicha alegación es insuficiente para demostrar que tiene una defensa meritoria. Por ello, solicitó se declarada sin lugar el recurso y se confirme la determinación apelada.

Luego de evaluar el expediente y el derecho aplicable, determinamos confirmar la *Sentencia* apelada. Conforme dispone nuestro ordenamiento jurídico, el deber de notificar una moción cesa frente a una parte que, habiendo sido correctamente emplazada, no comparece ante el foro judicial. Por ello, al no ser la moción de anotación de rebeldía una reclamación que solicitara un remedio nuevo o adicional, la parte apelada actuó conforme a derecho.

De otro lado, resolvemos que la parte apelante falló en demostrar los criterios exigidos por la Regla 49.2 de Procedimiento Civil, *supra*, para el relevo de sentencia. A su vez, el problema personal, aunque lamentable, no releva a una parte de su deber mínimo de

diligencia, como el informar al tribunal o solicitar una prórroga. Por lo tanto, al no haberse acreditado negligencia excusable ni haberse presentado prueba documental que sustente la alegada defensa de pago, no procede dejar sin efecto la determinación apelada. Consecuentemente, se confirma el dictamen emitido por el foro primario.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones